NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>SUBPOENA TO JANET REHBERGER, SPOUSE OF PAUL REHBERGER<br><br>PAUL REHBERGER,<br><br>    Plaintiff,<br><br>    v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>    Defendant. | Civil Action No. 13-831 (MLC)<br><br>MEMORANDUM OPINION |

This matter comes before the Court upon non-party Janet Rehberger's ("Mrs. Rehberger" or "Rehberger") motion pursuant to FED.R.CIV.P. 45(c)(3) to quash the subpoenas served upon her. [Docket Entry No. 1]. Defendant Honeywell International, Inc. ("Honeywell") opposes Rehberger's motion. [Docket Entry No. 2]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Rehberger's motion and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, consistent with this Memorandum Opinion and the accompanying Order, Rehberger's motion to quash is DENIED.

## I. Background and Procedural History

The instant motion stems from a complaint originally filed in this District concerning Plaintiff Paul Rehberger's purchase of a Honeywell electronic air cleaner for his home in 2005. The Complaint[1] alleges, *inter alia,* fraud, fraud by concealment or omission, and negligent misrepresentation. Plaintiff claims that "Defendant defrauded the Plaintiff through its marketing and sales campaign of its electronic air cleaners by making misleading representations about the amount of ozone produced by and the overall safety of its electronic air cleaners." *Rehberger's Brief in Support,* Docket Entry No. 1, *2. In support of these claims, Plaintiff alleges that he noticed a strange odor in his home and became sick[2] after installing the Honeywell Unit. Compl. ¶¶14-22. However, Plaintiff does not allege any personal injury cause of action on behalf of himself or his family.

On January 30, 2013 Defendant issued a subpoena to Plaintiff's wife, Mrs. Rehberger, seeking to depose her in this matter. Mrs. Rehberger filed the instant motion seeking to quash the subpoena issued to her on the grounds that it is irrelevant, unduly burdensome and harassing.

## II. Arguments

### A. Rehberger's Argument

Rehberger argues that she should not be subjected to a deposition, as she can provide no relevant information to Plaintiff's case. In her declaration she states the following:

> 2. My husband Paul Rehberger made the decision to purchase the F50F air cleaner, and I was not involved in that decision.

---

1 All references to the "Complaint" refer to Plaintiff's First Amended Complaint, hereinafter "Compl.". *See Exhibit M to Defendant's Brief in Opposition,* Docket Entry No. 2-15.
2 Plaintiff's original complaint alleges that the entire family became ill after installation of the unit, however, Plaintiff's amended complaint alleges that Plaintiff alone experienced health issues. *See Exhibit A to Defendant's Brief in Opposition,* Docket Entry No. 2-3.

2

> 3. My husband Paul Rehberger handled the installation of the F50F air cleaner and I was not involved in its installation.

*Declaration of Janet Rehberger, Exhibit C to Rehberger's Brief in Support,* Docket Entry No. 1-3. Rehberger argues that because she was not involved at all in either the decision to buy the air cleaner, or the installation thereof, that she can provide no additional relevant information to Plaintiff's case. Second, Rehberger argues that Defendant "spent an undue and inappropriate amount of time discussing Plaintiff's marital relationship with his wife, and other aspect of Plaintiff's personal life" and that such information is irrelevant and harassing. *Rehberger's Brief in Support,* at *5. Third, Rehberger argues that "any attempt by the Defendant to obtain discovery over conversations between Plaintiff and Plaintiff's wife are protected by the marital privilege." *Id.* at *8. Finally, Rehberger claims that any information that she could possibly give would be cumulative and duplicative of information already obtained through Plaintiff's deposition. *Id.* at 8-9.

### B. Honeywell's Argument

Honeywell initially responds by noting that Plaintiff identified Mrs. Rehberger as a fact witness in his Rule 26 initial disclosures. *Defendant's Brief in Opposition,* at *6. Further, Honeywell notes that Plaintiff also represented that Mrs. Rehberger has "knowledge regarding the facts alleged in the Amended Complaint, including Paul Rehberger's health, the smell of ozone, the cleaning of the product, and the use of media air filters." *Id.* at *7. Therefore, Honeywell argues that Mrs. Rehberger has relevant information concerning the fraudulent aspect of Plaintiff's case.

Second, Honeywell claims that the deposition of Mrs. Rehberger is not intended to cause harassment and indeed, argues that, in deposing Plaintiff, all testimony was "either directly

relevant or was calculated to lead to the discovery of relevant information." *Id.* at *8. Third, Honeywell rebuts Rehberger's claim that their marital communications are privileged. Honeywell claims that both spouses waived any confidential communications privilege because "Paul Rehberger consented by filing suit and placing his own health care at issue, and Janet Rehberger signed a written waiver."[3] *Id.* at *10.

Lastly, as to Rehberger's argument that her testimony would be cumulative, Honeywell argues that this would not be sufficient to quash a subpoena as the testimony must be "'unreasonably' cumulative." *Id.* Honeywell delineates the relevant factors to be considered when determining whether testimony would be unreasonably cumulative and argues that it needs her testimony, that her testimony may be dispositive of whether Plaintiff has a claim, that the testimony is relevant, and that the burden in producing same is minimal. *Id.* at *11.

**II.    Analysis**

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation. Pursuant to Rule 26(b)(1), the scope of permissible discovery is quite broad. Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). Nevertheless, while undeniably broad, there are limits to the permissible scope of discovery. For example, Rule 26(b)(2)(C) specifically requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the burden or expense of the

---

[3] Honeywell notes that Mrs. Rehberger signed a medical authorization form. *See Defendant's Brief in Opposition,* at *3.

4

proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Rule 26(b)(2)(C)(i) & (ii). Similarly, pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b). *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, Civil Action No. 08-2681 (AET), 2008 WL 4952445, *2 (D.N.J. Nov. 18, 2008). In addition, pursuant to Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and the Court has a responsibility to enforce this duty. However, it is the party claiming undue burden that must establish same. *Nye v. Ingersoll Rand Company*, Civ. No. 08-3481 (DRD), 2011 WL 253957, *6 (D.N.J. Jan. 25, 2011); *OMS Investments*, 2008 WL 4952445 at *2. If a subpoena falls outside the scope of permissible discovery, the Court has authority to Quash or modify it upon a timely motion by the party served. FED.R.CIV.P. 45(c)(3). Specifically, four circumstances exist which require the Court to quash or modify a subpoena. Rule 45(c)(3)(A) provides that:

> (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it…
>  (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>  (iv)  subjects a person to undue burden.

*Id.*

In assessing the burden on the subpoenaed entity against the benefit conferred on the serving party, the Court may consider the following factors:

> 1. The party's need for the production;
> 2. The nature and importance of the litigation;
> 3. Relevance;
> 4. The breadth of the request for the production;
> 5. The time period covered by the request;
> 6. The particularity with which the documents are described; and
> 7. The burden imposed on the subpoenaed entity.

*OMS v. Lebanon*, supra.

The Court finds that Mrs. Rehberger's testimony is relevant to the causes of action in Plaintiff's Complaint. Although she is not a party and declares that she has no involvement with the purchase or installation of the air cleaning unit, she was living in the home at the time Plaintiff noticed a strange odor in the home and began experiencing health problems. Therefore, she has relevant first-hand knowledge of the effects of the air cleaning unit and can testify as to any interaction she had with the unit. Moreover, the Court finds that Plaintiff conceded that she is a relevant fact witness by providing her as same in his Rule 26 initial disclosures, as well as answers to interrogatories.

As to Rehberger's claim of harassment, the Court notes that it does not appear that Plaintiff's counsel objected at any time to the personal line of questioning during Plaintiff's deposition. *See Exhibit B to Plaintiff's Brief in Support,* Docket Entry No. 1-2, *8-15. Nevertheless, the Court emphasizes that It expects the parties to conduct Mrs. Rehberger's deposition in a professional manner. To the extent that issues arise at the deposition, the Court is available by phone to resolve any potential concerns.

Lastly, the Court dismisses Rehberger's arguments that her testimony would be privileged and cumulative. "[T]he marital communications privilege prevents a testifying spouse from disclosing confidential communications between the spouses. It 'reaches only those communications made in confidence and intended to be confidential.'" *United States v. Ammar*,

714 F.2d 238 (3d Cir. 1983), quoting *Trammel v. United States*, 445 U.S. 40, 53, 63 L. Ed. 2d 186, 100 S. Ct. 906 (1980). Moreover, "any marital privilege can be sufficiently protected through traditional objections made at the deposition." *Murphy v. Fed. Ins. Co.*, 206 Fed. Appx. 143 (3d Cir. 2006). Under the facts in this case, the Court finds that the information sought by way of Mrs. Rehberger's deposition is not covered by the martial communications privilege and, assuming *arguendo* that it was, such privilege does not preclude the deposition from taking place, but instead allows for proper objections during. Finally, Rehberger has not sufficiently shown that her testimony would be cumulative and duplicative enough to rise to the level of undue burden.

### III. Conclusion

For the reasons set forth above, Rehberger's Motion to Quash is DENIED. An appropriate Order follows.


Dated: May 21, 2013


                                                             s/Tonianne J. Bongiovanni
                                                             **HONORABLE TONIANNE J. BONGIOVANNI**
                                                             **UNITED STATES MAGISTRATE JUDGE**